FORM 104 (10/06)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>United States Trustee | **DEFENDANTS**<br>David J. Howe |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Richard T. King, Assistant U.S. Trustee, US Trustee's Office, 446 Main Street, 14th Floor, Worcester, MA 01608  508-793-0555 | **ATTORNEYS** (If Known)<br>Mark W. Bartolomei, Esq., 51 Union Street, Suite G10 Worcester, MA 01608  508-754-5900 |
| **PARTY** (Check One Box Only)<br>❑ Debtor   ■ U.S. Trustee/Bankruptcy Admin<br>❑ Creditor  ❑ Other<br>❑ Trustee | **PARTY** (Check One Box Only)<br>■ Debtor   ❑ U.S. Trustee/Bankruptcy Admin<br>❑ Creditor  ❑ Other<br>❑ Trustee |

CAUSE OF ACTION:   **Denial of Discharge pursuant to 11 U.S.C. § 727 (a)(3) and (5)**

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3 etc.)

**FRBP 7001(1) — Recovery of Money/Property**
❑ 11-Recovery of money/property - §542 turnover of property
❑ 12-Recovery of money/property - §547 preference
❑ 13-Recovery of money/property - §548 fraudulent transfer
❑ 14-Recovery of money/property - other

**FRBP 7001(2) — Validity, Priority or Extent of Lien**
❑ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) — Approval of Sale of Property**
❑ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) — Objection/Revocation of Discharge**
■ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) — Revocation of Confirmation**
❑ 51-Revocation of confirmation

**FRBP 7001(6) — Dischargeability**
❑ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
❑ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
❑ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) — Dischargeability (continued)**
❑ 61-Dischargeability - §523(a)(5), domestic support
❑ 68-Dischargeability - §523(a)(6), willful and malicious injury
❑ 63-Dischargeability - §523(a)(8), student loan
❑ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
❑ 65-Dischargeability - other

**FRBP 7001(7) — Injunctive Relief**
❑ 71-Injunctive relief— reinstatement of stay
  72-Injunctive relief— other

**FRBP 7001(8) Subordination of Claim or Interest**
❑ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
❑ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
❑ 01-Determination of removed claim or cause

**Other**
❑ SS-SIPA Case — 15 U.S.C. §§78aaa *et.seq.*
❑ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ❑ Check if this case involves a substantive issue of state law | ❑ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ❑ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

FORM 104 (10/06), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR   David J. Howe | | BANKRUPTCY CASE NO.   10-43053-MSH |
| DISTRICT IN WHICH CASE IS PENDING: **MA** | DIVISIONAL OFFICE: **Central** | NAME OF JUDGE: **Hoffman** |
| **RELATED ADVERSARY** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>      /s/   Richard T. King | | |
| DATE   June 30, 2011 | PRINT NAME :   Richard T. King | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located.  Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate.  There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court.  In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.)  When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney).  A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

'UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **DAVID J. HOWE** | ) | Chapter 7 |
| | ) | Case No. 10-43053-MSH |
| **Debtor** | ) | |
| | ) | |
| **WILLIAM K. HARRINGTON** | ) | |
| **UNITED STATES TRUSTEE** | ) | |
| | ) | |
| **Plaintiff** | ) | Adversary Proceeding No. |
| v. | ) | |
| | ) | |
| **DAVID J. HOWE** | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT OBJECTING TO DISCHARGE PURSUANT TO
11 U.S.C. § 727(a)(3) and (5)**

Plaintiff, William K. Harrington, United States Trustee, brings this action pursuant to 11 U.S.C. § 727(a)(3) and (5) for denial of the discharge of David J. Howe (the "Defendant" or "Debtor").

In support of this complaint, the UST respectfully states as follows:

**PARTIES**

1.  Plaintiff, William K. Harrington, is the United States Trustee ("UST") appointed pursuant to 28 U.S.C. § 581 for Region One which includes the judicial district of Massachusetts.

2.  The Defendant is an individual who has provided an address in this proceeding of 12 Stuart Street, Sudbury, Massachusetts, 01776.

## **JURISDICTION**

3. This is an adversary proceeding in which the United States Trustee is seeking denial of the discharge of the Defendant, under 11 U.S.C. §§ 727(a)(3) and (5). This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b). Pursuant to 28 U.S.C. § 157(b)(2)(J), this is a "core" proceeding. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## **FACTS**

4. The Defendant filed a Chapter 7 petition on or about June 16, 2010 ("Petition Date"). On July 21, 2010, the Debtor filed the remaining schedules and statements.

5. The Defendant signed a declaration as to the truthfulness and accuracy of their Petition, Schedules and Statement of Financial Affairs ("SOFA"), under the pains and penalties of perjury.

6. Immediately thereafter, Jonathan R. Goldsmith, Esq. was appointed Chapter 7 trustee (the "trustee").

7. The section 341 meeting of creditors was held on July 22, 2010.

8. On September 20, 2010, the UST moved for an extension of deadlines for filing a motion to dismiss the Defendant's case or to object to his discharge as the Defendant had not yet complied with the UST's document request.

9. On November 19, 2010, the UST moved for a second extension of deadlines for filing a motion to dismiss the Defendant's case or to object to his discharge as the Defendant had not yet complied with the UST's document request.

10. On January 18, 2011, the UST moved for an extension of deadlines for filing a motion to dismiss the Defendant's case or to object to his discharge as the Defendant had not yet complied with the UST's document request.

11. On March 18, 2011, the UST moved for an extension of deadlines for filing a motion to dismiss the Defendant's case or to object to his discharge as the Defendant still had not yet complied with the UST's document request. Contemporaneously, the UST filed a motion seeking authority from this Court to conduct an examination of the Defendant under Federal Rule of Bankruptcy Procedure 2004 ("2004 Motion"), and to require the Defendant to produce certain documents to the UST for inspection. On April 6, 2011, this Court allowed the 2004 Motion.

12. The UST scheduled the 2004 examination of the Defendant for April 18, 2011. The Defendant did not appear on that date for his examination.

## COUNT I
## DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(3)

13. The UST repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

14. Title 11 U.S.C. § 727(a)(3) provides, in relevant part, that the Court shall grant a debtor a discharge unless ". . . the debtor has concealed, destroyed, mutilated, falsified or failed to keep or otherwise preserve any recoded information, including books, documents, records and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case." Id.

3

15. The Defendant's failure to produce financial documents to the UST, including those required by the Order allowing the 2004 Motion, was not justified under all of the circumstances of the case.

16. The Defendant's concealment of records warrants denial of his discharge pursuant to 11 U.S.C. § 727(a)(3).

## COUNT II
## DENIAL OF DISCHARGE UNDER 11 U.S.C § 727(a)(5)

17. The U.S. Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this complaint as if fully set out herein.

18. Title 11 U.S.C. § 727(a)(5) provides, in relevant part, that the Court shall grant a debtor a discharge unless ". . . the debtor has failed to explain satisfactorily any loss of assets or deficiency of assets to meet debtor's liabilities." Id.

19. Based on the Defendant's failure to appear for a 2004 examination, the Defendant has failed to satisfactorily explain the loss of assets or deficiency of assets to meet his liabilities.

20. The Defendant's failure to explain satisfactorily warrants denial of his discharge pursuant to 11 U.S.C. § 727(a)(5).

## REQUEST FOR RELIEF

WHEREFORE, the United States Trustee prays that the Court:

    A.    Enter a judgment declaring that the discharge of the Debtor from his debts is denied under 11 U.S.C. § 727; and

    B.    Enter such other and further relief as is just.

**Respectfully submitted,**

**WILLIAM K. HARRINGTON**
**United States Trustee, Region 1**

  /s/    Richard T. King
**Richard T. King (BBO#549382)**
**Assistant United States Trustee**
**U.S. Department of Justice**
**Office of the U.S. Trustee**
**446 Main Street, 14th Floor**
**Worcester, MA 01608**
**Tel: (508) 793-0555**
**Fax: (508) 793-0558**
**Dated: June 30, 2011**    e-mail: richard.t.king@usdoj.gov

5